**ALLAN ONG CHUA TAK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76500.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 19, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Alan Hutchison, Esq., Reno, NV, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., John Davis, U.S. Department of Justice, Office of Immigration Lit., Marsha B. Liss, Esq., U.S. DOJ–Office of Enforcement Operations, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Allan Ong Chua Tak, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we grant the petition and remand.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Although the IJ's opinion provided detailed reasons for finding that Tak's brother lacked credibility as a witness, she failed to make a credibility finding with respect to Tak's testimony. In the absence of an explicit adverse credibility finding, we must assume that Tak's factual contentions are true. *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

■ The IJ's conclusion that Tak's abduction and beating by members of the New People's Army had no nexus to a protected ground is not supported by substantial evidence. Contrary to the IJ's observation that the incident may have been economically motivated, neither the record nor Tak's testimony suggests that there was any burglary or theft attempt, and Tak's attackers told him they were there to find his father, who was their political adversary. The family had also suffered numerous threats at their place of business that were explicitly directed at Tak's father's activities as a local secretary for former President Ferdinand Marcos' political party. Accordingly, Tak established a nexus between his abduction and his father's political opinion, which was imputed to him. *See Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc) (a petitioner need only "produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground.") (citation omitted); *Briones v. INS*, 175 F.3d 727, 729 (9th Cir.1999) (imputed political opinion provides basis for asylum relief).

■ Because Tak's testimony establishes past persecution on account of imputed political opinion, it is presumed that he has demonstrated a well-founded fear of future persecution, unless the government establishes by a preponderance of the evidence "a fundamental change in circumstances such that [Tak] no longer has a well-founded fear of persecution." 8 C.F.R. § 208.16(b)(1); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1163 (9th Cir.1999). The government has made no such showing, however, and the IJ failed to conduct an "individualized analysis of how changed conditions will affect the specific petitioner's situation." *Borja v. INS*, 175 F.3d at 738 (internal quotation marks omitted).

In these circumstances, "there is no need to remand to the BIA under *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to consider whether changed country conditions rebut [Tak's] presumptive fear of future persecution." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir.2004).

We remand for the Attorney General to exercise his discretion as to whether to grant asylum and withholding removal in light of our holding that Tak possesses a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1).

**PETITION FOR REVIEW GRANTED; REMANDED.**